UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ZERITA PASHA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:06-CV-0705 CAN |
| ) | |
| SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

On October 10, 2006, Plaintiff Zerita Pasha (Pasha) filed her complaint in this Court. On February 5, 2007, Pasha filed an opening brief and she asks this Court to enter judgment in her favor or to remand this matter to the Commissioner. On March 21, 2007, Defendant Social Security Administration filed its response brief. On April 2, 2007, Pasha filed her reply brief. This Court now enters its ruling based upon the record of this case that includes the pleadings, the motions, the administrative record, briefs of the parties, and the arguments of counsel.

**I.    PROCEDURE**

On January 13, 2003, Pasha filed her application for Disability Insurance Benefits (Tr. 39). Pasha claims she is entitled to benefits pursuant to Titles II and XVI of the Social Security Act. See 42 U.S.C. §§ 416(i), 423, 1382c(a)(3).

On January 13, 2005, Pasha appeared at a hearing before an Administrative Law Judge (ALJ) (Tr. 232). On November 8, 2005, the ALJ found Pasha not disabled (Tr. 20-28). The ALJ found that Pasha had not engaged in substantial gainful activity since February 1, 2002, and noted that she had the following medically determinable severe impairments: degenerative disc

disease in the cervical spine, peripheral polyneuropathy[1], and thyroid disease (Tr. 21, 27). The ALJ deemed Pasha's somatoform disorder[2] to be a non-severe impairment (Tr. 21). Despite Pasha's impairments, the ALJ found that Pasha had the residual functional capacity (RFC) to perform the following tasks: lift and carry twenty pounds occasionally and ten pounds frequently; stand about six hours in an eight hour workday; and sit about six of eight hours (Id.). Therefore, the ALJ determined that Pasha's medically determinable impairments did not preclude her from performing her past relevant work, and as a result, Pasha was not entitled to disability benefits.

Pasha appealed the ALJ's decision to the Appeals Council (Tr. 3). The Appeals Council denied Pasha's request for review on August 8, 2006, and as a result, the ALJ's decision became the Commissioner's final decision (Id.). 20 C.F.R. § 404.981; Fast v. Barnhart, 397 F.3d 468, 470 (7th Cir. 2005). Consequently, on October 10, 2006, Pasha filed a complaint in this Court seeking a review of the ALJ's decision. This Court may enter a ruling in this matter based on the parties' consent, 28 U.S.C. § 636(c), and 42 U.S.C. § 405(g).

**II.   ANALYSIS**

   A.   Facts

At the time of the ALJ's decision, Pasha was a 54 year old woman with a high school education (Tr. 49). Pasha has worked in the past as a replenisher and salesperson for Sears, a

---

[1] Polyneuropathy is a nontraumatic generalized disorder of peripheral nerves with proximal shading (e.g., the feet are affected sooner or more severely than the hands), and most often affects motor and sensory fibers. Stedman's Medical Dictionary 1536 (28th ed. 2006).

[2] Somatoform disorder is a group of disorders in which physical symptoms suggesting physical disorders for which there are no demonstrable organic findings or known physiologic mechanisms, and for which there is a strong presumption that the symptoms are linked to psychological factors such as pain disorder and somatization disorder. Stedman's Medical Dictionary 571.

peer counselor for Women, Infants, and Children, and a shoe salesperson for K-Mart (Tr. 56.). Pasha alleges that she has physical and mental impairments (Tr. 21). Specifically, Pasha alleges that she suffers from partial paralysis in her legs, heart problems, reflex sympathetic disorder (RSD), and somatoform disorder (Tr. 75). Additionally, she alleges that she experiences headaches and difficulty with memory, focus, concentration, and pace (Id.). Pasha alleges that these health conditions prevent her from driving, from walking without support, and sitting upright for a long period of time (Tr. 236-239). Pasha uses a crutch when she walks, and she sometimes uses a wheelchair for mobility (Tr. 241). Pasha alleges that her ability to lift is limited such that she cannot lift a pot of water and needs assistance from her family to lift heavy items (Tr. 240). She alleges that the medications for her impairments cause a body rash, incoherence, and drowsiness (Tr. 238, 240). Pasha lies down in her bed to take breaks from sitting and to relieve back pain (Tr. 247). Pasha underwent medical testing at the St. Anthony Memorial Health Centers as a result of a back injury (Tr. 76).[3] Pasha was also examined for her mental impairments (Tr. 22-26).

1. Dr. John A. Kubinski, PhD. (Dr. Kubinski)

Pasha underwent a psychological evaluation with Dr. Kubinski in June of 2002 (Tr. 180). Dr. Kubinski noted that Pasha arrived in a wheelchair (Tr. 178). Dr. Kubinski noted that at the beginning of the session, Pasha appeared physically at ease yet angry about the ongoing pain (Tr. 180). Dr. Kubinski observed that Pasha had a very strong somatic focus and concluded that she

---

[3]In January of 2001, an echocardiogram (EKG) was performed because Pasha had complained of a heavy pressure in her chest (Tr. 76). The result of the EKG was within normal limits, therefore ruling out cardiac etiology (Id.). Later in February of 2002, a Magnetic Resonance Imaging (MRI) of Pasha's cervical, thoracic and lumbar spine was performed which revealed that her spine was normal (Tr. 91).

had chronic pain with psychological factors and medical condition (Id.). Dr. Kubinski observed that Pasha's presentation raised questions about secondary gain issues (Id.).

Later on June of 2002, Dr. Kubinski examined Pasha's results from her Minnesota Multiphasic Personality Inventory (Tr. 176). Dr. Kubinski noted that it took Pasha over two hours to complete the exam (Id.). Furthermore, Dr. Kubinski noted that Pasha did not consider herself depressed and stated that Pasha's anxiety symptoms were minimal (Id.). Dr. Kubinski concluded that Pasha most likely had somatization disorder (Id.).

    2.  Dr. Jeffrey L. Fisher, Psy.D., HSPP (Dr. Fisher)

In February of 2003, Pasha met with Dr. Fisher for a mental status examination requested by the Social Security Department for the State of Indiana (Tr. 104). Based on the examination, Dr. Fisher observed that Pasha exhibited some problems of concentration and working memory, which could have been the result of her medication (Tr. 107). Dr. Fisher diagnosed Pasha with pain disorder with both psychological factors and a general medical condition, back pain, partial paralysis, and Global Assessment of Functioning of 55 (Tr. 108). Dr. Fisher concluded that there was not sufficient evidence to suggest somatization disorder (Id.).

    3.  Dr. F. Kladder, Ph.D. (Dr. Kladder)

On April 8, 2003, Dr. Kladder performed a psychiatric review of Pasha and determined that Pasha had a pain disorder with psychological factors (Tr. 126). However, Dr. Kladder determined that this impairment was not severe (Tr. 114). Dr. Kladder also rated the degree of limitation as mild for the following functional limitations: restriction of activities of daily living, difficulties in maintaining social functioning, and difficulties in maintaining concentration,

persistence or pace (Tr. 124). In addition, Dr. Kladder determined that Pasha had no degree of limitation for episodes of decompensation (Id.).

        4.        Dr. J. Gange, Ph.D., JJG (Dr. Gange)

Dr. Gange also performed a psychiatric review of Pasha and rated the degree of limitation as mild for difficulties in maintaining social functioning and difficulties in maintaining concentration, persistence or pace (Tr. 142). Unlike Dr. Kladder, Dr. Gange rated the degree of limitation as moderate for the restriction of activities of daily living (Id.). Ultimately, Dr. Gange concluded that Pasha had pain disorder with psychological factors (Tr. 144).

        5.        Dr. Robert C. Gregori, M.D. (Dr. Gregori)

Dr. Gregori was asked to review Pasha's medical records at the request of an insurance agency (Tr. 230). After his review of the records, Dr. Gregori concluded that Pasha's lumbar strain was properly treated (Id.). Dr. Gregori noted that Pasha was diagnosed with peripheral polyneuropathy possibly related to her thyroid disease (Tr. 231). Despite this diagnosis, Dr. Gregori determined that Pasha's functional capacity was in the moderate to heavy duty category (Id.). Dr. Gregori added that Pasha did not have RSD (Id.). Finally, Dr. Gregori also concluded that Pasha had somatoform disorder (Id.).

The issue this Court must decide is whether the ALJ's determination that Pasha's somatoform disorder was not severe is supported by substantial evidence.

    B.    Standard of Review

The standard of review for an ALJ's decision is whether it is supported by substantial evidence and free of legal error. See 42 U.S.C § 405(g); Briscoe v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005); Haynes v. Barnhart, 416 F.3d 621, 626 (7th Cir. 2005); Golembiewski v.

Barnhardt, 322 F.3d 912, 915 (7th Cir. 2003). Substantial evidence means such relevant evidence as a reasonable mind might accept to support such a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1972). Yet, an ALJ's decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues. Lopez v. Barnhart, 336 F.3d 535, 539 (7th Cir. 2003). While a reviewing court is not to substitute its own opinion for that of the ALJ's, or to re-weigh the evidence, it will not simply rubber stamp the ALJ's decision without carefully reviewing the presented evidence. Clifford v. Apfel, 227 F.3d 863, 869 (7th Cir. 2000). Ultimately, the ALJ must build a logical bridge from the evidence to his conclusion. Haynes, 416 F.3d at 626. Also, any of the ALJ's legal conclusions are reviewed *de novo* (Id.).

  C. Pasha's Motion for Summary Judgment or Remand

  To be entitled to benefits under 42 U.S.C. §§ 423, 1321a, Pasha must establish that she was "disabled." See 42 U.S.C. § 423(a)(1)(D). The Social Security Act defines "disability" as:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A). The Social Security regulations prescribe a sequential five-part test for determining whether a claimant is disabled. The ALJ must consider whether: 1) the claimant is presently employed, 2) the claimant has a severe impairment or combination of impairments, 3) the claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity, 4) the claimant's residual functional capacity leaves him unable to perform his past relevant work, and 5) the claimant is unable to perform any other work existing in significant numbers in the national economy. 20 C.F.R. §§

404.1520(a)(4)(i)-(v), 416.920; Briscoe, 425 F.3d at 352. If the ALJ finds that the claimant is disabled or not disabled at any step, he may make his determination without evaluating the remaining steps. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If there is an affirmative answer at either step three or step five, then there is a finding of disability. Briscoe, 425 F.3d at 352. At step three, if the impairment meets any of the severe impairments listed in the regulations, the Commissioner acknowledges the impairment. See 20 C.F.R. § 404.1520(a)(4)(iii); 20 C.F.R. app. 1, subpart P, § 404. However, if the impairment is not so listed, the ALJ assesses the claimant's residual functional capacity, which in turn is used to determine whether the claimant can perform her past work under step four and whether the claimant can perform other work in society under step five. 20 C.F.R. § 404.1520(e). The claimant bears the burden of proof on steps one through four, but the burden shifts to the Commissioner at step five. Id.

Pasha contends that the ALJ improperly considered Pasha's diagnoses of somatoform disorder despite supporting evidence. Specifically, Pasha argues that the ALJ erred when he found that Pasha's somatoform disorder was a non-severe impairment.

      1.      <u>The ALJ's determination that Pasha's somatoform disorder was not severe was not supported by substantial evidence.</u>

A physical or mental impairment must be established by medical evidence through signs, symptoms, and laboratory findings. 20 C.F.R. § 404.1508. The statements of the claimant alone are insufficient. Id. A severe impairment is one that significantly limits an individual's physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1521; Taylor v. Schweiker, 739 F.2d 1240, 1242 (7th Cir. 1984). Basic work activities are the abilities needed to do most jobs such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, seeing,

7

hearing, speaking, understanding, remembering simple instructions, use of judgment, responding appropriately to supervision and co-workers, and dealing with changes in a routine work setting. See 20 C.F.R § 404.1521(b); Bunch v. Heckler, 778 F.2d 396, 401 (7th Cir. 1985); Taylor, 739 F.2d at 1243.

This Court finds Taylor v. Schweiker to be instructive on the issue of severity. In Taylor, the claimant testified that she suffered from emotional problems, stress, memory loss, and nervousness. 739 F.2d at 1241. Four psychiatric and psychological reports in the record indicated that the claimant had mild depressive symptoms, considerable emotional overlay, and depressive neurosis-reactive. Id. at 1242. Despite these reports, the ALJ concluded that the claimant's mild depression was a non-severe impairment because one doctor stated that the claimant could concentrate on simple tasks and withstand the stresses of day-to-day work activity, another doctor's comment that a specific diagnosis was not warranted, and the claimant's testimony that she could take care of her personal needs and housework. Id.

However, the Seventh Circuit found this analysis was erroneous and remanded the case. Id. at 1243. Upon review of the record, the Seventh Circuit noted that one doctor failed to address how the claimant's depression would have affected her ability to perform a job. Id. Also, the ALJ failed to mention the relevant reports of two doctors. Id. The Seventh Circuit was troubled because the ALJ did not provide a reason for these omissions. Id. As a result, the Seventh Circuit did not agree that a reasonable mind, viewing the record as a whole, would find adequate support for the conclusion that her depression did not significantly limit her ability to perform basic work-related functions. Id. In other words, the ALJ's decision that her depression was not severe was not supported by substantial evidence. Id. at 1242.

Pasha contends that the ALJ's findings that her somatoform disorder, or pain disorder, was not severe was erroneous. This Court agrees. An ALJ must base his decision on all relevant evidence. Herron v. Shalala, 19 F.3d 329, 333 (7th Cir. 1994). Under 20 C.F.R. § 404.1545(4), the ALJ shall consider not only the physical and mental requirements of the claimant's past work, but also the other requirements needed to perform that work when determining the RFC. An ALJ does not need to provide a written analysis of every piece of evidence, but an ALJ may not fail to discuss an entire line of evidence. Green v. Shalala, 51 F.3d 96, 101 (7th Cir. 1995). The ALJ noted in his opinion that Pasha had been diagnosed with possible somatoform disorder, but then he found the evidence supported a conclusion that her condition is a "non-severe" impairment (Tr. 21). Yet, the ALJ fails to adequately explain his rationale supporting this decision.

There are several references in the record that suggests Pasha has somatoform disorder or pain disorder. Dr. Kubinski and Dr. Gregori concluded that Pasha most likely had somatization disorder (Tr. 176 and 231). Additionally, Dr. Kladder diagnosed Pasha with a pain disorder with psychological factors even though he concluded that the impairment was not severe (Tr. 114 and 126). Dr. Fisher also examined Pasha and concluded that although there was not enough evidence to support somatoform disorder, Pasha did have a pain disorder with both psychological factors and a general medical condition (Tr. 108). Therefore, evidence exists in the record of signs, symptoms, and medical findings of Pasha's somatoform disorder.

Similar to Taylor, the ALJ fails to address the doctors' diagnoses of somatoform disorder or pain disorder in his opinion despite all the evidence in the record. The ALJ, in his opinion, granted significant weight to Dr. Gregori's opinion because it was supported by substantive

evidence in the record (Tr. 25). However, the ALJ failed to discuss in his opinion the portion of Dr. Gregori's opinion in which he stated that he believed Pasha had somatoform disorder (Tr. 231). Similar to Dr. Gregori's opinion, the ALJ granted Dr. Kladder's opinion greatest weight (Tr. 26). However, the ALJ does not discuss Dr. Kladder's finding that Pasha had a pain disorder. Rather, the ALJ dismisses, without explanation, Pasha's pain disorder because it was not supported by other evidence in the record (Tr. 26). The ALJ's lack of discussion of Dr. Gregori's and Dr. Kladder's reports is identical to the ALJ in Taylor who failed to explain why he omitted the two medical reports of two doctors which suggested that the claimant suffered depression. 739 F.2d 1243. The ALJ simply dismisses the evidence because it "does not support the degree of limitations alleged" (Tr. 25). Therefore, this Court cannot conclude that the ALJ's finding that Pasha's somatoform disorder was not severe is based on substantial evidence.

Furthermore, this Court cannot say this error was harmless. In certain situations, pain alone can be disabling, even when its existence is unsupported by objective evidence. See e.g. Carradine v. Barnhart, 360 F.3d 751, 753 (7th Cir. 2004). If an ALJ finds that an allegation of pain is not supported by the objective medical evidence in the record, and if the claimant still indicates that pain is a significant factor of his or her alleged disability, then the ALJ must a obtain detailed description of the claimant's daily activities by directing specific inquires about the pain and its effects to the claimant. Zurawski, 245 F.3d at 887; 20 C.F.R. § 404.1529(a)-(c).[4] Where the medical signs and findings reasonably support a claimant's complaint of pain, the

---

[4]Moreover, the ALJ must investigate all avenues presented that relate to pain, including prior work information, observations by treating physicians, observations by examining physicians, and observations by third parties. Zurawski, 245 F.3d at 887. The ALJ must consider factors of pain, precipitation and aggravating factors, dosage and effectiveness of pain medications, other treatment for relief of pain, functional restrictions, and the claimant's daily activities. Id.

ALJ cannot merely ignore the claimant's allegations. Id. at 887-88. However, because the ALJ found Pasha's claims of pain disorder to be not severe, the practical effect is that the ALJ ignores Pasha's claims because he does not discuss Pasha's personal claims of pain.

This Court stresses that it will not simply rubber stamp an ALJ's decision without carefully reviewing the record. Clifford, 227 F.3d at 869. Under Green, the ALJ erred when he failed to discuss the entire line of evidence related to Pasha's somatoform disorder or pain disorder. 51 F.3d at 101. The ALJ's decision cannot stand since it lacks evidentiary support or an adequate discussion of the issue. Lopez, 336 F.3d at 539. Consequently, a remand is warranted.

### III.  CONCLUSION

The ALJ's determination that Pasha's somatoform disorder was non-severe was not supported by substantial evidence. As a result, this Court **GRANTS** Pasha's request and this case is **REVERSED** and **REMANDED** to the Commissioner for proceedings consistent with this opinion pursuant to sentence four (4) of 42 U.S.C. § 405(g). The clerk is instructed to term the case.

**SO ORDERED**.

Dated this 31st Day of July, 2007

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge